Requestor: Hon. Terence M. Zaleski, Mayor, City of Yonkers City Hall Yonkers, N Y 10701-3885
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the mayor may appoint one tenant member to the Yonkers Municipal Housing Authority. Counsel to the housing authority raised the same question in a prior inquiry.
Currently, the Authority's board consists of five members appointed by the mayor plus two tenant members elected by the tenants in accordance with the provisions of section 30 of the Public Housing Law. The tenant representatives have been appointed in accordance with subdivision 5 of section 30 which provides that each housing authority having supervision over one hundred or more occupied dwelling units (not located in a city having a population of more than one million) is to include as board members two tenants elected by the residents of the authority's housing for terms of two years. The purpose of this provision is to ensure the representation of tenants' interests on a housing authority's board. Bill Jacket, L 1974, ch 482, Memorandum on Senate 3777; April 19, 1977 Memorandum on Senate 3777 by the Division of Housing and Community Renewal.
Section 30 does not, by its terms, prohibit the mayor of Yonkers from appointing a tenant as one of his five appointments. § 30(2). The mayor has unlimited discretion in appointing five members to the housing authority's board. Ibid. Subdivision 5, providing for the election of two tenant members by the tenants, does not exclude other tenant members from the board. Its language recognizes that tenants may also be appointed.
 "Acceptance or retention by a tenant of membership on an authority, whether by election or by appointment,
shall not be deemed incompatible with, or a forfeiture of his tenancy." Compare, subdivision 4, which provides that not more than one member of an authority's board may be an officer or employee of the municipality at any one time and prior subdivision 5 which provided that not more than one member of an authority may be a tenant at any one time.
We note that tenants elected under subdivision 5 cease to serve on the board upon termination of their tenancy. A tenant appointed by the mayor under subdivision 2 as one of his five discretionary appointments would not be subject to that restriction.
We conclude that the mayor of the City of Yonkers may utilize one of his five appointments to appoint a tenant to the board of the Yonkers Municipal Housing Authority.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.